EXHIBIT A



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 2331-CC00744 |
|---|---|
| Plaintiff's/Petitioner:<br>BISHOP & HAYES PC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>WILLIAM R ROBB<br>2847 INGRAM MILL ROAD<br>SUITE A-102<br>SPRINGFIELD, MO 65804 |
| Defendant/Respondent:<br>JAGUAR LAND ROVER NORTH AMERICA, LLC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Breach of Contract | |

RECEIVED AUG 07 2023 COLE COUNTY SHERIFF'S OFFICE

FILED AUG 22 2023 CIRCUIT CLERK GREENE COUNTY

## Summons in Civil Case

The State of Missouri to: JAGUAR LAND ROVER NORTH AMERICA, LLC
Alias:
C/O: LAWYERS INCORPORATING SERVICE COMPANY 221 BOLIVAR ST
JEFFERSON CITY, MO 65101

COURT SEAL OF GREENE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

07/28/2023                    /s/ Bryan Feemster by JJ
Date                          Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☒ (for service on a corporation) delivering a copy of the summons and petition to: Lawyers Incorporating Service Co (name) S. Lewis, designee (title).
☐ other: _____

Served at 350 E. High (address)
in Cole (County/City of St. Louis), MO, on 08-08-23 (date) at 8:00 AM (time).

Sheriff John P Wheeler by SD Aimee Wray
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
              Date                     Notary Public

Sheriff's Fees, if applicable
Summons              $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage              $_____ (___ miles @ $___ per mile)
Total                $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 2331-CC00744 |
| Plaintiff/Petitioner:<br>BISHOP & HAYES PC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>WILLIAM R ROBB<br>2847 INGRAM MILL ROAD<br>SUITE A-102<br>SPRINGFIELD, MO 65804 |
| Defendant/Respondent:<br>JAGUAR LAND ROVER NORTH AMERICA, LLC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** JAGUAR LAND ROVER NORTH AMERICA, LLC
   **Alias:**
C/O: LAWYERS INCORPORATING
SERVICE COMPANY 221 BOLIVAR ST
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*GREENE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____07/28/2023_____     _____/s/ Bryan Feemster by JJ_____
            Date                                Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____   _____
                                    Date                      Notary Public

**Sheriff's Fees, if applicable**
Summons          $_____
Non Est            $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $____10.00_____
Mileage           $_____ (_____ miles @ $._____ per mile)
**Total**            $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 23-SMCC-1760 1 of 1 (2331-CC00744)     Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:23-cv-03283-MDH   Document 1-1   Filed 09/06/23   Page 2 of 15

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

BISHOP & HAYES, PC,

    Plaintiff,

vs.

JAGUAR LAND ROVER NORTH AMERICA, LLC,

Serve at:
*C/O Lawyers Incorp Services Company*
*221 Bolivar Street*
*Jefferson City, MO 65101*

    Defendant.

Case No.

## CLASS ACTION PETITION

COMES NOW Plaintiff Bishop & Hayes, PC ("B&H"), individually and on behalf of all others similarly situated (the "Class Members"), and for its class action petition against Defendant Jaguar Land Rover North America, LLC ("Land Rover"), states, alleges and avers as follows:

## INTRODUCTION AND NATURE OF ACTION

1.     This action arises out of a windshield defect in the 2017 Land Rover Discovery, common characteristics in that particular vehicle. Plaintiff asserts claims for fraud, breach of duty of good faith, and breach of warranty. Plaintiff brings this action on behalf of itself and on behalf of a similarly situated class current and former owners and lessees of a 2017 Land Rover Discovery. Plaintiff further reserves the right to amend this complaint to expand the class to include other years, models, and makes of the Land Rover Discovery.

## PARTIES, JURISDICTION, AND VENUE

2. B&H is a Missouri professional corporation with its principal place of business located in Greene County, Missouri.

3. Land Rover is a limited liability company with its principal place of business in Mahwah, New Jersey.

4. Land Rover is an automobile marketing and distribution company which markets and distributes automobiles throughout the world under the Land Rover brand or mark.

5. Upon information and belief, Land Rover is a subsidiary of Defendant Land Rover PLC, a United Kingdom public limited company, which, upon information and belief, is a subsidiary of Tata Motors, a company based in India.

6. This Court has subject matter jurisdiction over this case because this case involves claims for fraud, breach of duty of good faith, and breach of warranty.

7. This Court has personal jurisdiction over Land Rover because Land Rover regularly markets and distributes Land Rover vehicles – and other vehicles – in Greene County, Missouri as well as throughout the world. By placing its vehicles in the stream of commerce, and its multiple contacts with the State of Missouri, Land Rover was aware it might be hailed in a Missouri Court.

8. Venue is proper in this Court because B&H entered the pertinent contract and purchased the vehicle at issue acknowledging that it would be used in Missouri, the vehicle was licensed in Green County, Missouri, because Land Rover can be found in Greene County, Missouri, because the failure occurred in Greene County and therefore B&H causes of action arose in Greene County, Missouri.

## FACTUAL BACKGROUND

9. Land Rover is a manufacturer of passenger automobiles.

10. Land Rover distributes its vehicles in the State of Missouri, throughout the United States, and beyond.

11. Land Rover uses a network of automobile dealerships throughout the United States to sell its vehicles in the United States.

12. Among numerous other dealerships in contractual relationships with Land Rover, Land Rover has a contractual relationship with various Missouri dealerships.

13. Land Rover regularly supplies and distributes Land Rover vehicles and other vehicles to dealerships throughout the United States.

14. Land Rover regularly supplies and distributes Land Rover vehicles and other vehicles to Missouri dealerships.

15. On or about October 20, 2020, B&H purchased a 2017 Land Rover Discovery (the "Discovery") from BMW of Omaha, located in Omaha, Nebraska, for use as a company vehicle in Springfield, Greene County, Missouri. At the time of purchase, the dealer filled out Form 6, Nebraska Sales/Use Tax and Tire Fee Statement, to claim an exemption stating the vehicle was purchased, licensed, and operated in a state other than Nebraska and identifying Missouri as the state.

16. The vehicle was licensed and registered in Missouri, and B&H pays property taxes on the Land Rover Discovery to Greene County.

17. Land Rover manufactured the Discovery.

18. Land Rover supplied the Discovery to the stream of commerce with the vehicle ending up in Springfield, Greene County, Missouri.

19. This Discovery was purported to be a high-end luxury vehicle.

20. After purchase, the Discovery suffered a major water breach around its windshield and a crack in the windshield.

21. The water breach occurred as a result of a defect in or around the Discovery's windshield.

22. The water breach resulted in the destruction of the electronic system integrated in the windshield.

23. The failure of the Discovery's computer system in controlling the Discovery's dashboard occurred as B&H's principal was driving the Discovery.

24. As B&H's principal was driving the Discovery the windshield began to leak, and impact the electronics that are a part of the windshield unit.

25. The windshield leak created a dangerous condition in the car.

26. The windshield electronic system failure was a proximate result of a defect in or around the Discovery's windshield.

27. After experiencing the leak, B&H promptly brought the Discovery to an Aristocrat Motors in Lee's Summit, Missouri for repairs.

28. During the course of attempting to obtain repairs for the Discovery, B&H learned from the Aristocrat Motors dealership personnel that the defective windshield was a common problem with Land Rover Discovery vehicles.

29. Land Rover – or its authorized dealership – did not promptly repair the Discovery nor did Land Rover pay for the repair and replacement.

30. Replacement windshields were scarce and unavailable.

31. When B&H's principal arrived at the dealership to pick up the purportedly repaired Discovery, there was a significant bill and it was not in a condition to be picked up.

32. While it is possible that the windshield defect had been repaired and that the computer system had been repaired, the Discovery was moldy and a damp smell.

33. The windshield leak allowed moisture to enter the Discovery for some time, at least over a month, thereby resulting in mold growing in the Discovery or a damp smell.

34. Additionally, the cost for the repair was significant and over $2,500.00.

35. B&H should not have been required to pay anything for the new windshield and repairs of the Discovery.

36. The Land Rover dealership personnel expressed understanding of B&H's refusal to accept the Discovery in that condition.

35. Land Rover dealership personnel expressed understanding of B&H's refusal to accept the Discovery in that condition.

36. Since that time, B&H has been attempting to obtain a resolution of the problems with the Discovery. Land Rover has failed to provide and resolution.

37. The Discovery has been at the dealership for repairs for approximately one month.

38. B&H has not been able to use the Discovery for approximately one month.

## CLASS ACTION ALLEGATIONS

39. The windshield defect in B&H's Discovery is a common problem in other Land Rover Discovery vehicles.

40. The windshield defect in B&H's Discovery and in other Discovery vehicles is a safety hazard.

41. The windshield defect in B&H's Discovery and in other Discovery vehicles is a dangerous condition.

42. The windshield defect in B&H's Discovery and in other Discovery vehicles is an expensive issue to fix for owners.

43. Land Rover has been aware of the windshield defects for a substantial period of time.

44. Land Rover was aware of the windshield defect at the time the Discovery was sold to B&H.

45. Land Rover was aware of the windshield defect based on post sales data.

46. Land Rover could merely search online and learn of the windshield defect.

47. Neither Land Rover nor its dealership disclosed the defect to B&H at the time of B&H's purchase of the Discovery.

48. Land Rover actively concealed the defect at the time the Discovery was provided to its dealership in Omaha, Nebraska and at the time the Discovery was sold to B&H.

49. Land Rover has a practice of not disclosing the windshield defects to purchasers of Discovery vehicles.

50. Land Rover has a practice of actively concealing the defect from purchasers of Discovery vehicles.

51. Upon information and belief, Land Rover has continued to manufacture and distribute Discovery vehicles with the windshield defect.

52. Plaintiff asserts this action on behalf of itself and on behalf of a nationwide class of current or former owners or lessees of a 2017 Land Rover Discovery.

53. Plaintiff specifically reserves the right to amend this complaint, after further investigation and discovery, to broaden the class to include current or former owners or lessees

of a 2013, 2014, 2015, 2016, 2019, and 2020 Land Rover Discovery or Land Rover Discovery Sport.

54. Plaintiff specifically reserves the right to further amend or modify the description of the class or define sub-classes if deemed appropriate after further investigation and discovery.

55. Plaintiff excludes from the class the Defendant, and of Defendant's dealerships, and any officer, director, employee, affiliate or agent of Defendant or its dealerships.

56. Plaintiff also excludes from the class any judge or employee of the court in which this action is filed.

57. The exact number of class members is not known at the present time and must be obtained through discovery. Nevertheless, the number is sufficiently large to render joinder impracticable.

58. Resolving all claims of class members in a single action will promote efficiency, economy, and interests of the Court and the class members.

59. The cost of litigation would effectively preclude many class members from pursuing their claim if their claims were not included within a class action. Thus, without a class action, many class members would not have effective relief or remedy.

60. Class members will continue to suffer damages without a class action.

61. Land Rover will continue its wrongful actions without a class action.

62. Class members can be identified from information and records within Defendant's custody or control.

63. Plaintiff's claim is typical of claims of other class members in that Plaintiff and each class member each have a Land Rover Discovery or Land Rover Discovery Sport with a windshield that has a defect which has been or needs to be repaired or replaced.

64. Plaintiff and each of the class members have been damaged as a result of Land Rover's wrongful acts.

65. Land Rover's wrongful conduct in manufacturing and distributing the Land Rover Discovery vehicles with a windshield defect is common to Plaintiff and all class members.

66. Land Rover's active concealment of the defect is also common to Plaintiff and all class members.

67. There are common questions of law and fact for the claims of Plaintiff and all class members.

68. The most fundamental underlying common question for the claims of Plaintiff and the class members is whether the class vehicles have a windshield defect.

69. Another common question for the claim of Plaintiff and the class members is whether the windshield defect is an unreasonable safety hazard or dangerous condition.

70. Another common for the claims of Plaintiff and the class members is whether the windshield defect is material fact in connection with the purchase of a Land Rover Discovery.

71. Another common question for the claims of Plaintiff and the class members is when Land Rover learned of the defect.

72. Another common question for the claims of the Plaintiff and the class members is how Land Rover responded and behaved when it learned of the defect.

73. Another common question for the claims of Plaintiff and the class members is whether Land Rover's conduct constitutes fraud.

74. Another common question for the claims of the Plaintiff and the class members is whether Land Rover's conduct constitutes a breach of contract.

Electronically Filed - GREENE - July 07, 2023 - 02:30 PM

75. Another common question for the claims of the Plaintiff and the class members is whether Land Rover's conduct constitutes a breach of warranty.

76. Another common question for the claims of the Plaintiff and class members is whether Plaintiff and the class members are entitled to equitable relief.

77. Another common question for the claims to Plaintiff and class members is whether Plaintiff and the class members are entitled to monetary damages.

78. Another common question for the claims of the Plaintiff and the class members is whether Land Rover should be responsible for bearing the cost of notifying class members of their right relating to the defect and this action.

79. Plaintiff will fairly and adequately represent and protect the interests of the class members.

80. The undersigned counsel has significant experience in handling and prosecuting class actions both in Missouri and Nationwide and adequately can represent the interests of the class.

WHEREFORE, Plaintiffs and each member of the proposed Plaintiffs' Class pray for a judgement:

(a) Certifying the Class as requested herein;

(b) Entering an order appointing Aleshire Robb, P.C. as lead counsel for the Plaintiff's Class;

(c) Awarding damages to proposed Class members; and

(d) Providing such farther relief as may be fair and reasonable.

## COUNT I – FRAUD

81. All preceding allegations are hereby adopted and incorporated by reference as if fully restated herein.

82. The windshield defects in the Land Rover Discovery vehicles are and were significant.

83. The windshield defects in the Land Rover Discovery Vehicles are and were an important material fact for would be purchasers.

84. The windshield defects, if revealed or disclosed prior to purchase of a Land Rover Discovery, would have materially impacted Plaintiff and class members' decision to purchase the vehicle or the purchase or lease price of the vehicle.

85. The windshield defects were not visible or apparent to Plaintiff and class members at the time they purchased or leased their Land Rover Discovery vehicles.

86. The windshield defects were not reasonably discoverable by Plaintiff and the class members at the time they purchased or leased their Land Rover Discovery vehicles.

87. Land Rover was aware of the windshield defects while it marketed and distributed the Land Rover Discovery vehicles.

88. Land Rover was aware of the windshield defects at the time Plaintiff and the class members purchased or leased their Land Rover Discovery vehicles.

89. Land Rover had a duty to disclose the windshield defects while marketing and distributing the Land Rover Discovery vehicles.

90. Land Rover had a duty to disclose the windshield defect prior to selling or leasing the Land Rover Discovery vehicles to Plaintiff and the class members.

Electronically Filed - GREENE - July 07, 2023 - 02:30 PM

91. Land Rover did not disclose the windshield defects while marketing and distributing the Land Rover Discovery vehicles.

92. Land Rover did not disclose the windshield defects prior to selling or leasing the Land Rover Discovery vehicles to Plaintiff and the class members.

93. Land Rover actively concealed the windshield defects as they distributed and marketing the Land Rover Discovery vehicles.

94. Land Rover actively concealed the windshield defects as they sold the Land Rover Discovery vehicles to Plaintiff and the class members.

95. Land Rover's failure to disclose the windshield defects constitutes fraud.

96. Land Rover's concealment of the windshield constitutes fraud.

97. Plaintiff and the class members have been damaged as a result of Land Rover's fraud.

98. Plaintiff and the class members are entitled to an award of damages and/or equitable relief.

99. Land Rover's actions were egregious, willful and intentional.

WHEREFORE, Plaintiff Bishop & Hayes, PC prays for damages in an amount that is fair and reasonable, for its cost incurred herein; and for any other relief that the court deems proper.

## COUNT II – BREACH OF DUTY OF GOOD FAITH

100. All preceding allegations are hereby adopted and incorporated by reference as if fully restated herein.

101. Land Rover had an implied duty of good faith in all dealings with Plaintiff and the class members.

102. Land Rover breached its duty of good faith by concealing and failing to disclose the windshield defects when marketing and distributing its Land Rover Discovery vehicles.

103. Land Rover breached its duty of good faith by concealing and failing to disclose the windshield defects when Plaintiff and the class members were purchasing or leasing the Land Rover Discovery vehicles.

104. Plaintiff and the class members have been damaged as a result of Land Rover's breach of its duty of good faith.

105. Plaintiff and the class members are entitled to an award of damages and/or equitable relief.

WHEREFORE, Plaintiff Bishop & Hayes, PC prays for damages in an amount that is fair and reasonable, for its costs incurred herein; and for any other relief that the court deems proper.

## COUNT III – BREACH OF WARRANTY

106. All preceding allegations are hereby adopted and incorporated by reference as if fully restated herein.

107. As Land Rover manufactured, marketed, and distributed its Land Rover Discovery vehicles, Land Rover provided an implied warranty of merchantability.

108. As Land Rover manufactured, marketed, and distributed its Land Rover Discovery vehicles, Land Rover provided an implied warranty that the vehicle was fit for the purpose of being driven and used as a passenger vehicle.

109. As Land Rover manufactured, marketed, and distributed its Land Rover Discovery vehicles, it also provided an express warranty with the vehicles.

110. Land Rover's warranties included a warranty that the Land Rover Discovery vehicles' windshields were not defective.

111. Land Rover's warranties included a warranty that the windshields would perform as expected and would not crack and leak under normal operating conditions.

112. Land Rover's warranties included a warranty that the Land Rover Discovery vehicles' windshields were not subject to water breaches or leaks.

113. Land Rover's manufacture, marketing, and distribution of Land Rover Discovery vehicles to Plaintiff and the class members breached Land Rover's warranties.

114. Plaintiff and the class members have been damaged as a result of Land Rover's breach of warranties.

115. Plaintiff and the class members are entitled to an award of damages and/or equitable relief.

WHEREFORE, Plaintiff Bishop & Hayes, PC prays for damages in an amount that is fair and reasonable, for its costs incurred herein; and for any other relief that the court deems proper.

## JURY TRIAL REQUEST

Plaintiff requests a jury trial on Courts I-III herein.

This ___ date of July, 2023.

**ALESHIRE ROBB & RAPP**

By _____
Gregory W. Aleshire   MO #38691
William R. Robb       MO #43322
Kevin J. Rapp         MO #57974
2847 Ingram Mill Road, A-102
Springfield, MO 65804
417.869.3737 PHONE
417.869.5678 FAX
*info@aleshirerobb.com*
**ATTORNEYS FOR PLAINTIFF**